UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. S1-4:18 CR 1006 MTS |
| TROY McCOTTRELL, | ) ) ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

**1. PARTIES**

The parties are the defendant TROY McCOTTRELL, represented by defense counsel JOSEPH HOGAN, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA**

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count(s) I, II, and III of the charge, the Government agrees to move for dismissal as to Count IV at the time of sentencing. The Government also agrees that no further federal prosecution will be brought in this District relative to the defendant's distribution

1

of any controlled substance on October 6, 2018, or his possession of any controlled substance or any firearm on November 29, 2018, of which the Government is aware at this time.

Defendant acknowledges that this disposition confers upon him the benefit of eliminating the 20-year mandatory minimum sentence that would be required if he were to be convicted of Count IV of the Superseding Indictment. Had defendant also been convicted (by plea or at trial) of Count III, defendant would have been subject to an *additional* mandatory minimum terms term of 60 months (5 years), which must be served *consecutively* to any other term of imprisonment imposed as to any other count. As a result, had defendant been convicted of all counts, he would have been subject to a mandatory minimum term of imprisonment of not less than 25 years.

**Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be 168 months. This agreement shall abide, notwithstanding the application or non-application of any particular Sentencing Guidelines, including any Guidelines contemplated by this agreement. If the Court informs the parties prior to sentencing that it will reject this agreement or that it intends to sentence defendant to a sentence not in conformity with this agreement, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5).**

3.  **ELEMENTS**

As to Count I, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. That on or about November 29, 2018, within the Eastern District of Missouri, the defendant possessed one or more controlled substances, and;

2. That he did so knowingly and intentionally, and;

3. That at the time he possessed the controlled substances, he intended to distribute some or all of those controlled substances to another person.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. That on or about November 29, 2018, within the Eastern District of Missouri, the defendant possessed a firearm as that term is defined by federal law, and;

2. That he did so knowingly and intentionally, and;

3. That he did so having been previously convicted of a felony offense, and;

4. That defendant knew he had been previously convicted of said felony offense, and;

5. That the firearm was not manufactured in the State of Missouri and therefore necessarily traveled in interstate or foreign commerce prior to its seizure on November 29, 2018.

As to Count III, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. That on or about November 29, 2018, within the Eastern District of Missouri, the defendant possessed a firearm as that term is defined by federal law, and;

2. That he did so knowingly and intentionally, and;

3

3. That he did so in furtherance of a drug trafficking crime, to-wit: possession with the intent to distribute controlled substances as charged in Count I.

### 4. FACTS

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about October 6, 2018, the Florissant Police Department began an investigation into a then-unknown person who was alleged to be distributing controlled substances in the Florissant, Missouri area and elsewhere in the Eastern District of Missouri. Investigators were assisted by multiple cooperating witnesses, including C.C. C.C. permitted the Florissant Police to search her cellular telephone, and she admitted that during the afternoon hours of October 6, 2018, she and another person used her telephone to engage in a text-message exchange with a person utilizing telephone number XXX-XXX-0881. C.C. knew the user of that telephone only as "T." According to C.C., she and N.P. met "T" at the Metrolink Station located in the vicinity of North Hanley Road and Interstate 70 and purchased "heroin" from "T." Text messages and toll information retrieved from C.C.'s telephone substantially corroborated her account.

On October 9, 2018, the Florissant Police applied for and received a search warrant to obtain certain stored communication records from Sprint Spectrum LLC relating to telephone number XXX-XXX-0881. The warrant was served upon Sprint Spectrum LLC via facsimile and, having found it compliant in all respects, Sprint Spectrum LLC supplied the records authorized by way of the search warrant.

The Florissant Police Department learned that "T" was, in fact, defendant Troy McCottrell ("McCottrell"). The Florissant Police Department provided C.C. with an array of six photographs depicting six similarly looking individuals (one of whom was McCottrell), and asked whether any of the individuals depicted was "T." C.C. positively identified McCottrell as "T."

Florissant Police began conducting surveillance of McCottrell after C.C. confirmed his identity. To assist them in their efforts, they obtained judicial authorization to place a GPS tracker on a vehicle known to be utilized by McCottrell. They also cultivated a confidential informant (CI), who made one or more controlled purchases of "heroin" directly from McCottrell. CI (at the behest of the Florissant Police Department) contacted McCottrell at telephone number XXX-XXX-0881. On one occasion, Florissant Police conducted surveillance of McCottrell and observed him make what appeared to be a hand-to-hand drug transaction with an unknown person or persons. Following the transaction, Florissant Police conducted a traffic stop on a vehicle, from which they recovered illegal narcotics. The subjects in the vehicle, S.N. and J.S., were arrested and transported to the Florissant Police Department.

Florissant Police interviewed both S.N. and J.S. After waiving her *Miranda* rights, J.S. acknowledged that she and S.N. purchased marijuana and crack cocaine from a subject "C" or "T."[1] A consent search of J.S.'s cellular telephone revealed that shortly before the Florissant Police stopped and arrested her, she had contacted XXX-XXX-0881. That telephone number was stored in J.S.'s phone as "T." She described "T" as black male in his early 40s with a "lazy eye." J.S.'s interview was video recorded. J.S. was asked to view an array containing photographs of six

---

[1] S.N. invoked his right to counsel and refused to make a statement.

similar-looking individuals (one of whom was McCottrell). J.S. positively identified the photograph of McCottrell as "T."

On November 29, 2018, Florissant Police and the St. Louis County Police Tactical Operations Unit executed a search warrant at McCottrell's residence at 8442 Brotherton Lane. McCottrell and multiple other persons – including his four month old child – were located inside the residence. During the execution of the search warrant, investigators located, among other things, 2 firearms; approximately 28 grams of methamphetamine, and; approximately 13.5 grams of fentanyl. McCottrell was arrested and conveyed to the Florissant Police Department where he was advised of his *Miranda* rights. He agreed to waive his rights and agreed to answer questions.

Having waived his *Miranda* rights, McCottrell stated that he had been "around" heroin all of his life, indicating that many of his family members use heroin. When asked if there were any illegal items in his residence, McCottrell admitted that there "might be" "heroin" and "meth." When asked about the firearm located in his bedroom, McCottrell responded, "that 22?" He then lamented that he could "not get caught with anymore guns." McCottrell admitted that he had purchased the .22 caliber handgun on the street and that he had paid "$40 or $50 for it," acknowledging that it was "most likely" stolen.

McCottrell admitted to selling heroin for profit, claiming that he sold to only "one or two" people per day. He stated that he sold drugs because he had children, and that a "regular job" garnishes his wages for child support. McCottrell advised Florissant Police that he had been selling drugs since he was released from custody in May 2018.

McCottrell admitted that his phone number was XXX-XXX-0881. He denied that anyone else used that telephone, stating that he had used that number since approximately 2008. McCottrell gave consent for Florissant Police to search his cellular telephone.

On or about January 5, 2018, defendant was convicted in the 22nd Judicial Circuit Court in and for St. Louis County, Missouri of Unlawful Possession of a Firearm, a felony offense in the State of Missouri, in cases 16SL-CR04619-01. He was sentenced to a term of five years in the Missouri Department of Corrections. Following a brief period of incarceration, the execution of the sentence was suspended. Defendant was properly advised at the time of his guilty plea to this offense that said offense was a felony.

Neither of the two firearms seized from McCottrell's residence on November 29, 2018 were manufactured in the State of Missouri and therefore, both necessarily traveled in interstate commerce prior to their seizure from defendant's residence on that date.

The precise amount of controlled substances attributable to defendant is difficult to calculate with precision. However, based upon the known evidence, including the aforementioned seizures and defendant's own statements, the parties agree that McCottrell is accountable for at least 100 kilograms but less than 400 kilograms of "converted drug weight."

5.  **STATUTORY PENALTIES**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three years.

7

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years.

As to Count III, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years. The defendant also fully understands that the crime to which a guilty plea is being entered in Count III requires a mandatory minimum term of imprisonment of at least 5 years. This sentence **must** be served **consecutively** to any other sentence imposed as to any other count.

In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** As to Count I, the parties agree that the base offense level is 24, as found in Section 2D1.1(c)(8). The parties agree that the quantity of "converted drug weight" for which the defendant is accountable, including relevant conduct, is at least 100 kilograms but less than 400 kilograms, resulting in the agreed Base Offense Level. This quantity is achieved thusly and pursuant to the "Drug Conversion Table" contained in Section 2D1.1.

- 28 grams actual methamphetamine x 2 kg - 56 kilograms of "converted drug weight"
- 13.5 grams fentanyl x 2.5 kg – 33.75 kilograms of "converted drug weight"

Defendant acknowledges additional quantities based upon his post-Miranda statement that he had been selling controlled substances since he was released from jail in May 2018. This statement was corroborated by physical surveillance and by defendant's wife's recorded statement to police.

As to Count II, the parties agree that the base offense level shall be determined pursuant to Section 2K2.1 and depends upon the nature of the firearm and other factors, including whether the firearm was stolen.

As to Count III, the parties agree that the advisory sentence is 60 months (5 years), pursuant to 18 USC §924(c).

9

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

**c. Other Adjustment(s)/Disputed Adjustments:** The parties agree following additional adjustments apply: None.

**d. Estimated Total Offense Level:** As to Count I, the parties estimate that the Total Offense Level is 22. As to Count II, the parties agree that the Total Offense Level is calculated pursuant to Section 2K2.1, less the two level reduction for acceptance of responsibility. As to Count III, the parties agree that the advisory sentence is 60 months (5 years), which must be served **consecutively** to the sentence imposed as to any other count.

Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher

10

and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

**The parties further agree that their joint sentencing recommendation for an aggregate term of 168 months shall abide, notwithstanding the application or non-application of any sentencing guideline as contemplated herein, and irrespective of the base offense level or the total offense level as to any count or counts.**

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

   a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   (2) **Sentencing Issues:** In the event the Court accepts the plea and sentences the defendant to a total aggregate term of 168 months, both parties waive their rights to appeal **all** sentencing issues, including Criminal History.

   b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER**

   a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

12

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the

attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring or except as otherwise provided in Paragraph 2 herein.

1/26/2022
Date

_____
SIRENA MILLER WISSLER #55374MO
Assistant United States Attorney

1-26-22
Date

_____
TROY McCOTTRELL
Defendant

1-26-22
Date

4700R MO
_____
JOSEPH HOGAN
Attorney for Defendant

16